# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

MARIPOSA, LTD.,

     Plaintiff,

 v.

BARBAGALLO COMPANY LLC,

     Defendant.

Civil Action No. 16-CV-12044

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Mariposa, LTD., by its attorneys Saunders & Silverstein LLP, brings this action against Defendant Barbagallo Company LLC (d/b/a Pampa Bay). As grounds for this complaint, Mariposa, LTD. alleges the following, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to other matters:

### Parties

1. Plaintiff Mariposa, LTD. ("Mariposa") is a corporation duly organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 5 Elm Street, Manchester, Massachusetts 01944.

2. Upon information and belief, Barbagallo Company LLC (d/b/a Pampa Bay) ("Pampa Bay" or "Defendant") is a limited liability company organized under the laws of the State of New Jersey with its principal place of business at 45 Pine Street, Suite 5, Rockaway, New Jersey 07866.

### Nature of the Complaint

3. This is an action for copyright infringement. Defendant violated the copyright laws, 17 U.S.C. § 101 *et seq.*, by reproducing, distributing, displaying, and selling unauthorized reproductions of Mariposa's original copyrighted sculptural works without its consent. Mariposa seeks damages and

appropriate injunctive relief; and a determination that its sculptural work entitled *Flip Flop Server* is copyrightable under the Copyright Act; and recovery of its costs and attorney's fees.

## Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Pampa Bay pursuant to Mass. Gen. Laws. ch. 223A, § 3 because Pampa Bay regularly conducts business in the Commonwealth of Massachusetts, and has manufactured unauthorized reproductions infringing Mariposa's copyrights and distributed and sold those reproductions within the Commonwealth of Massachusetts, causing tortious injury therein.

6. Venue is appropriate in this Court under 28 U.S.C. §§ 1391(b) and 1400(a).

## Facts

7. At all times material hereto, Mariposa has been engaged in the business of producing and selling uniquely designed table art, including ornamental bowls, platters, and serving utensils.

8. Mariposa is a leading designer, manufacturer, wholesaler, and retailer of a wide variety of sand cast aluminum serveware.

9. Mariposa's products are available for purchase via online and brick-and-mortar retail stores throughout the United States, including Bloomingdales, Macy's, Amazon.com, TJ Maxx, The Paper Store, Wayfair, and Von Maur, as well as hundreds of specialty retailers across the country.

10. In or around 1992, Mariposa created an original sand cast aluminum sculpture entitled *Starfish Pasta Bowl*. An image of *Starfish Pasta Bowl* appears below:



11. Mariposa has registered the copyright to *Starfish Pasta Bowl* with the United States Copyright Office (the "Office"). *Starfish Pasta Bowl* has an effective registration date of May 3, 1994, and was assigned registration number VA 0-650-524. A true and correct copy of the Certificate of Registration is annexed hereto as Exhibit A. Mariposa's *Starfish Pasta Bowl* bears a copyright notice on the underside, identifying Mariposa as the holder of the copyright.

12. In or around 2007, Mariposa created an original sand cast aluminum sculpture entitled *Medium Ornament Platter*. An image of *Medium Ornament Platter* appears below:



13. Mariposa has registered the copyright to *Medium Ornament Platter* with the Office. *Medium Ornament Platter* has an effective registration date of October 16, 2007, and was assigned

registration number VA 1-627-894. A true and correct copy of the Certificate of Registration is annexed hereto as Exhibit B. Mariposa's *Medium Ornament Platter* bears a copyright notice on the underside, identifying Mariposa as the holder of the copyright.

14. In or around 2004, Mariposa created an original sand cast aluminum sculpture entitled *Flip Flop Server*. An image of *Flip Flop Server* appears below:



15. On August 16, 2016, Mariposa filed an application to register the copyright to *Flip Flop Server* with the Office. In light of prospective litigation, Mariposa requested special handling of the application to expedite registration. Mariposa's *Flip Flop Server* bears a copyright notice on the underside, identifying Mariposa as the holder of the copyright.

16. On September 21, 2016 the United States Copyright Office refused registration of *Flip Flop Server*. A true and correct copy of the Notice of Refusal is annexed hereto as Exhibit C.

17. Mariposa disputes the Office's finding that *Flip Flop Server* is not copyrightable and maintains that *Flip Flop Server* is wholly copyrightable under Section 102(a)(5) of the Copyright Act, 17 U.S.C. § 102(a)(5).

18. In compliance with 17 U.S.C. §411(a) and 37 § C.F.R. 205.13, Mariposa will serve the Register of Copyrights with notice of the institution of this action and a copy of this Complaint.

19. In compliance with 37 C.F.R. § 205.13 and Fed. R. Civ. P. 4(i), Mariposa will serve the United States Attorney for the District of Massachusetts and the United States Department of Justice with notice of the institution of this action and a copy of this Complaint.

4

20. *Starfish Pasta Bowl*, *Medium Ornament Platter*, and *Flip Flop Server* (collectively, the "Mariposa Products") are high quality sand cast aluminum serveware, and were made available for viewing and purchase on Mariposa's website at <http://www.mariposa-gift.com/default.aspx> and in brick-and-mortar retail stores throughout the United States, including in Massachusetts.

21. Pampa Bay is a manufacturer, distributor, and retailer of aluminum serveware.

22. Pampa Bay distributes its products throughout the United States via its network of sales representatives, brick-and-mortar retail stores, and various online retail outlets.

23. Pampa Bay manufactured, reproduced, displayed, distributed, offered for sale, and sold three pieces of aluminum serveware — *Pampa Bay Bowl*, *Pampa Bay Platter*, and *Pampa Bay Flip Flop* (the "Infringing Products"). Representative images of the Infringing Products appear below:



*Pampa Bay Bowl*


*Pampa Bay Platter*


*Pampa Bay Flip Flop*

24. The Infringing Products are available for viewing and purchase via Pampa Bay's online catalog and e-commerce website; through on-line retailers; and in third-party brick-and-mortar retail locations.

25. *Pampa Bay Bowl* is nearly identical to and bears a substantial similarity to Mariposa's *Starfish Pasta Bowl*.

26. *Pampa Bay Bowl* is an unauthorized reproduction of Mariposa's *Starfish Pasta Bowl*.

27. *Pampa Bay Platter* is nearly identical to and bears a substantial similarity to Mariposa's *Medium Ornament Platter*.

6

28. *Pampa Bay Platter* is an unauthorized reproduction of Mariposa's *Medium Ornament Platter*.

29. *Pampa Bay Flip Flop* is nearly identical to and bears a substantial similarity to Mariposa's *Flip Flop Server*.

30. *Pampa Bay Flip Flop* is an unauthorized reproduction of Mariposa's *Flip Flop Server*.

31. The table below compares the subject works and shows the clear substantial similarity between the Mariposa Products and the Infringing Products:



Mariposa's *Starfish Pasta Bowl*



*Pampa Bay Bowl*



Mariposa's *Starfish Pasta Bowl*



*Pampa Bay Bowl*


Mariposa's *Medium Ornament Platter*


*Pampa Bay Platter*


Mariposa's *Flip Flop Server*


*Pampa Bay Flip Flop*

32. On May 13, 2016, Mariposa sent Pampa Bay a letter demanding that Pampa Bay cease desist any and all reproduction, manufacture, distribution, and sale of the Infringing Products (the "Demand Letter"). The Demand Letter also requested information on Pampa Bay's sales of the Infringing Products; the number of Infringing Products manufactured, distributed, and sold; and other information relevant to Pampa Bay's infringement. A true and correct copy of the Demand Letter is annexed hereto as Exhibit D.

33. Pampa Bay did not respond substantively to the Demand Letter, nor did Pampa Bay comply with Mariposa's demand to cease its infringement of the Mariposa Products.

34. To date, Pampa Bay continues to manufacture, display, distribute, offer to sell, and sell infringing copies of the Mariposa Products.

35. Mariposa has suffered and continues to suffer damages and irreparable injury as a result of Pampa Bay's infringement of its copyrights.

## Count I
## Copyright Infringement of *Starfish Pasta Bowl*

36. Mariposa repeats and realleges paragraphs 1 through 35 of this Complaint, inclusive, as if the same were fully set forth herein.

37. Mariposa is the sole owner of all right, title, and interest in the copyright to *Starfish Pasta Bowl*, which has been registered in the United States Copyright Office and assigned Registration No. VA 0-650-524.

38. Mariposa has never authorized, licensed, or otherwise permitted Defendant to reproduce or otherwise use *Starfish Pasta Bowl*.

39. Without Mariposa's authorization, Defendant has reproduced, displayed, distributed, offered to sell, and sold copies of *Pampa Bay Bowl* that are substantially similar to *Starfish Pasta Bowl*. Such unauthorized use constitutes an infringement of Mariposa's copyright in *Starfish Pasta Bowl* for which it is entitled to damages and injunctive relief.

## Count II
## Copyright Infringement of *Medium Ornament Platter*

40. Mariposa repeats and realleges paragraphs 1 through 35 of this Complaint, inclusive, as if the same were fully set forth herein.

41. Mariposa is the sole owner of all right, title, and interest in the copyright to *Medium Ornament Platter*, which has been registered in the United States Copyright Office and assigned Registration No. VA 1-627-894.

42. Mariposa has never authorized, licensed, or otherwise permitted Defendant to reproduce or otherwise use *Medium Ornament Platter*.

43. Without Mariposa's authorization, Defendant has reproduced, displayed, distributed, offered to sell, and sold copies of *Pampa Bay Platter* that are substantially similar to *Medium Ornament*

*Platter*. Such unauthorized use constitutes an infringement of Mariposa's copyright in *Medium Ornament Platter* for which it is entitled to damages and injunctive relief.

**Count III**
**Copyright Infringement of *Flip Flop Server***

44. Mariposa repeats and realleges paragraphs 1 through 35 of this Complaint, inclusive, as if they same were fully set forth herein.

45. Mariposa's sculptural work entitled *Flip Flop Server* is wholly copyrightable under Section 102(a)(5) of the Copyright Act, 17 U.S.C. § 102(a)(5), and Mariposa, the author and sole owner of *Flip Flop Server*, holds all copyright interests therein.

46. Mariposa is the sole owner of all right, title, and interest in the copyright to *Flip Flop Server*, an application for registration of which was refused by the United States Copyright Office on September 21, 2016.

47. Mariposa has never authorized, licensed, or otherwise permitted Defendant to reproduce or otherwise use *Flip Flop Server*.

48. Without authorization, Defendant has reproduced, displayed, distributed, offered to sell, and sold copies of *Pampa Bay Flip Flop* that are substantially similar to *Flip Flop Server*. Such unauthorized use constitutes an infringement of Mariposa's copyright in *Flip Flop Server* for which it is entitled to damages and injunctive relief.

**Prayer for Relief**

WHEREFORE, Mariposa prays that this Court:

1. Issue a preliminary order enjoining Defendant during the pendency of this litigation from:

    a. manufacturing, producing, advertising, marketing, distributing, offering for sale, or selling the Infringing Products;

  b. concealing, destroying, or otherwise disposing of any Infringing Products or any plates, molds, matrices, or other materials relating to the manufacture and production of the Infringing Products;

  c. all further reproduction or other use of the Mariposa Products;

2. Issue an order that Defendant and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concern and privity with any of them be required to deliver up for impoundment all Infringing Products, and all plates, molds, matrices, or other materials relating to the manufacture and production of the Infringing Products, and all other infringing copies and derivatives of the Mariposa Products, in all forms whatsoever, which are in Defendant's possession or under its control;

3. Issue a permanent injunction that Defendant and its officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and privity with any of them, or for them, to cease and desist from manufacturing, producing, advertising, marketing, distributing, offering for sale, or selling the Infringing Products or otherwise infringing the Mariposa Products in any manner;

4. Find that Mariposa's sculptural work entitled *Flip Flop Server* is copyrightable under Section 102(a)(5) of the Copyright Act, 17 U.S.C. § 102(a)(5);

5. Award Mariposa all of its direct and consequential damages arising from Defendant's infringement of Mariposa's copyrights;

6. Award Mariposa all of its actual damages as well as all of profits earned by Defendant from the infringement of Mariposa's copyrights in accordance with § 504(b) of the Copyright Act;

7.  Issue an order that Defendant be required to pay Mariposa such statutory damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, or, if the Court finds that the infringement was committed willfully, such statutory damages within the provisions of the Copyright Act in a sum up to and including $150,000.00;

8.  Award Mariposa its reasonable award of attorneys' fees, costs of suit, and interest; and

9.  Award Mariposa such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

SAUNDERS & SILVERSTEIN LLP

Dated: October 12, 2016

/s/Matthew Saunders
Matthew Saunders
(BBO No. 664997)
Saunders & Silverstein LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
+1.978.463.9101
msaunders@massiplaw.com

Attorneys for Plaintiff
*Mariposa, LTD.*